12-800-bk
Grocery Haulers, Inc. v. The Great Atlantic & Pacific Tea Co., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand thirteen.

PRESENT:    ROBERT A. KATZMANN,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges,*
            JED S. RAKOFF,[*]
                *District Judge*.

---

Grocery Haulers, Inc.,

*Appellant*,

v.                                                          12-800-bk

The Great Atlantic & Pacific Tea Co., Inc., et al.,

*Debtor-Appellee*.

---

FOR APPELLANT:           STEPHEN B. SELBST (William R. Fried, Joshua J. Angel, and Justin B. Singer *on the brief*), Herrick, Feinstein LLP, New York, N.Y.

FOR DEBTOR-APPELLEE:     ANDREW GENSER (Paul M. Basta and Ray C. Schrock, *on the brief*), Kirkland & Ellis LLP, New York, N.Y.

---

[*] The Honorable Jed Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Grocery Haulers, Inc., ("GHI") appeals from a January 27, 2012, Opinion and Order and a January 30, 2012, Judgment of the United States District Court for the Southern District of New York (Seibel, *J.*) affirming a decision of the United States Bankruptcy Court for the Southern District of New York (Drain, *J.*). The bankruptcy court denied GHI's motion (1) for a determination that the automatic stay did not bar GHI from filing a third-party complaint against Debtor-Appellee The Great Atlantic & Pacific Tea Co., Inc., et al. ("A&P"); or (2) in the alternative, for a grant of relief from the automatic stay. The bankruptcy court concluded that the automatic stay of 11 U.S.C. § 362(a)(1) applied to GHI's claims because the claims arose from A&P's rejection of a contract and are consequently treated as arising pre-petition pursuant to 11 U.S.C. § 365(g). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

GHI raises principally two arguments on appeal. First, GHI contends that the automatic stay did not apply because of "the interplay between the Bankruptcy Code and 28 U.S.C. § 959(b)." Brief for Appellant GHI at 19. Second, GHI contends that the bankruptcy court erred in classifying its claim against A&P as a claim for contribution instead of as a claim based on primary liability under the federal and New Jersey WARN Acts, 29 U.S.C. § 2101, *et seq.*, and N.J.S.A. § 34:21-1, *et seq.*

GHI failed to raise the Section 959(b) argument before the bankruptcy court and waived the argument relating to the contribution theory. With respect to its first argument, GHI

2

contends that it cited "cases which directly cite section 959(b) in support of their holdings." Reply Brief at 10.  This is insufficient because GHI did not marshal those cases in support of the argument that it raises today and did not discuss Section 959(b) below.  With respect to its second argument, GHI itself characterized its claim as a claim for contribution when arguing its motion before the bankruptcy court.

"[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."  *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (alteration in original) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)). "Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below."  *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (per curiam) (internal quotation marks, brackets, and ellipsis omitted).  We decline to consider GHI's waived arguments here.

We have considered GHI's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3